IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **TERESA FEKANY,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**AMAZON.COM, INC.,**<br><br>    **Defendant.** | Case No.  6:20-cv-02330 |

NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Amazon.com Services LLC ("Defendant," incorrectly identified in the Complaint as "Amazon.com, Inc."), by and through its attorneys, hereby gives notice of removal of this matter to the United States District Court for the Middle District of Florida from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. The grounds for removal are as follows:

1. **State Court Action**

Teresa Fekany ("Plaintiff") filed this action on November 20, 2020, in the Circuit Court for the Ninth Judicial District in and for Orange County, Florida, captioned *Teresa Fekany v. Amazon.com, Inc.* Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of Plaintiff's Complaint, along with the rest of the state court file, is attached as Tab A.

2. **Defendant's Receipt of Plaintiff's Complaint**

On November 20, 2020, Defendant's counsel received a copy of the Complaint, and on December 1, 2020, Defendant's counsel received a request for waiver of process. Defendant's counsel waived service on December 3, 2020. *See* Tab A.

3. **Nature of the Action**

In the Complaint, Plaintiff asserts claims of discrimination and failure to accommodate against the Defendant in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1212 *et seq*. ("ADA"). *See* Compl. ¶¶ 21-30.

4. **Removal of State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

Under this standard, this action is removable to this Court pursuant to Section 1441 because the Court has original federal question jurisdiction as Plaintiff's claims are brought under the Americans with Disabilities Act of 1990. 28 U.S.C. 1331. The Court also has diversity jurisdiction over this matter because there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)

5. **Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of

all civil actions arising under the Constitution, laws, or treaties of the United States." If a complaint raises a colorable federal question, then the case may be removed to federal court under 28 U.S.C. § 1441.

This Court has original jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's Complaint asserts claims under the laws of the United States. Plaintiff's Complaint alleges violations of the ADA and cites to 42 U.S.C. §1212 *et seq*. Complaint at ¶ 1. Thus, the face of the Complaint clearly raises a federal question and removal is proper. *See Harris v. McDonald's Corp.*, 901 F.Supp. 1552, 1555 (M.D. Fla. 1995) ("An action 'arises under' federal law when it is apparent from the face of the plaintiff's complaint that the plaintiff's cause of action is itself created by federal law."). Therefore, the Defendant may remove this case to this Court pursuant to 28 U.S.C. § 1441(a).

6. **Diversity Jurisdiction**

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

a. **Diversity of Citizenship**

First, Plaintiff is a Florida citizen for purposes of 28 U.S.C. § 1332(a). *See* Compl. ¶ 4 ("At all times material hereto, the Plaintiff is a citizen is a citizen of the United States, resident of [the Orange County] judicial circuit…").[1]

Second, for purposes of diversity jurisdiction and removal, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State

---

[1] "Under the diversity statute, . . . a person is a 'citizen of a state' if he or she is (1) a citizen of the United States and (2) a domiciliary of a state of the United States." *Gibbons v. Udaras na Gaeltachta*, 549 F. Supp. 1094, 1116 n.12 (S.D.N.Y. 1982); *see also* BLACK'S LAW DICTIONARY 244 (6th ed. 1990) (citing *Gibbons*).

3

or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Defendant was incorporated in Delaware. *See* Tab B, Brielle Dogan Decl. ¶ 4. Defendant's headquarters, where its officers direct its activities, are located in Washington. *Id.* ¶ 5. Therefore, Defendant is a citizen of Delaware and Washington. Because Plaintiff is a citizen of Florida, the diversity requirement is satisfied.

### b. Amount in Controversy

"Where the plaintiff has not [pled] a specific amount of damages, as [Plaintiff] has not here, the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." Id. at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

In conducting the amount in controversy inquiry, a federal court is not limited to reviewing the allegations in the complaint. *See, e.g.*, *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in

4

controversy at the time the case was removed.").[2] Thus, where a complaint seeks "unspecified damages" for categories such as "back pay, front pay, and compensatory and punitive damages," courts go beyond the complaint, and examine evidence such as affidavits to determine the amount in controversy. *Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (affirming district court's finding that the amount in controversy requirement was satisfied in age discrimination case under Alabama law, based on the defendant's submission of plaintiff's W-2s and an affidavit) (internal brackets omitted).

While Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant, the amount in controversy requirement is satisfied because, under a reasonable reading of the Complaint, Plaintiff is seeking damages exceeding $75,000.  Plaintiff seeks, *inter alia*, (a) damages recoverable under the ADA; (b) punitive damages; (c) costs; (d) expenses; and (e) attorneys' fees. For discrimination claims, the ADA provides for back and front pay, punitive damages, as well as compensatory damages, which may include compensation for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. 42 U.S.C. § 12117(a); 42 U.S.C. §1981(b).

In employment cases, and ADA discrimination cases specifically, compensatory damages for intangible pain and suffering have been awarded in amounts exceeding the minimum amount in controversy. *See*, *e.g. Soliday v. 7-Eleven Inc.,* 2011 WL 7706376 (M.D. Fla. 2011) (upholding award of $756,000 to hearing-impaired employee for pain and suffering under the ADA and FRCA). Thus, courts often find that where litigants, like Plaintiff here, seek compensatory

---

[2] *See also Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976) ("[I]n practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal."); *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 245-47 (S.D. Fla. 1982) (adopting the view that the removal inquiry "is not limited to the face of plaintiff's complaint," and that "the court may examine[] the record as a whole in determining the propriety of removal").

damages for personal suffering under a statute, the minimum amount in controversy exists. *See, e.g.*, *Estevez-Gonzalez*, 606 F. Supp. at 129 (holding that amount in controversy requirement was satisfied where the "complaint alleges physical and mental pain"). Therefore, although Defendant denies that Plaintiff is entitled to any relief at all, the compensatory damages she seeks, in addition to the economic damages she seeks, satisfy the amount in controversy requirement for diversity jurisdiction.

Punitive damages that Plaintiff requests must also be considered when determining the amount in controversy. *See, e.g.*, *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered.") (internal citations and footnote omitted); *Saadi v. Maroun*, No. 8:07-cv-1976, 2009 WL 3736121, at *1 (M.D. Fla. Nov. 4, 2009) ("It is well established that attorney's fees and punitive damages, when allowed by applicable state law, may be included in determining the amount in controversy." (internal quotation marks omitted)). Although Defendant specifically denies that Plaintiff would be entitled to recover any punitive damages, up to $300,000 in punitive damages are available under the ADA. *See* 42 U.S.C. §1981(b)(3)(D). This amount suffices to satisfy the amount in controversy requirement. *See, e.g.,* Bralo v. Spirit Airlines, Inc., 2013 WL 8216635 (S.D. Fla. Feb. 13, 2013) (jury verdict for plaintiff on ADA & FRCA disability discrimination claim including $375,000 in punitive damages); *see also Ryan v. State Farm Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that court had jurisdiction because the plaintiff requested $100,000 in punitive damages, and "it is possible for a jury to award this much in punitive damages under Georgia law").

Furthermore, in the Eleventh Circuit, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).  The ADA provides a statutory basis for recovery of reasonable attorneys' fees.  *See* 42 U.S. C. § 12205. Accordingly, Plaintiff's request for attorneys' fees under the ADA further establishes that the amount in controversy exceeds the $75,000 jurisdictional threshold.

Finally, back pay and front pay should be considered when determining the amount in controversy. Plaintiff's hourly rate was $15.65. *See* Tab B, Dogan Decl. ¶ 6.  If she were to prove liability, the back pay and front pay she seeks could potentially equate to $32,552 per year from the Defendant (assuming 40 hours per week at 52 weeks). This District previously noted that "back pay may be calculated through the estimated date of trial." *Gonzalez v. Honeywell Int'l, Inc.*, No: 8:16–cv–3359, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) (assuming a trial two years after removal). Thus, if Plaintiff were to be successful in her claims against the Defendant, the amount in controversy requirement would be satisfied in the form of back pay and front pay for as little as twenty-eight months. *See Logsdon v. Duron, Inc.*, No. 3:05CV243, 2005 WL 1163095, at *4-5 (M.D. Fla. May 17, 2015) (holding that amount in controversy requirement was satisfied based on "back pay," "compensatory, non-economic damages," and "front pay").

In sum, because the amount in controversy exceeds $75,000 and the action is between citizens of different states—Plaintiff being a Florida citizen, and Defendant being a citizen of Delaware and Washington—the district court has original jurisdiction under 28 U.S.C. § 1332(a), and Defendant may remove this case to this Court under 28 U.S.C. § 1441(a).

7. **Venue**

The state court case was brought in Orange County Circuit Court. Therefore, the Orlando Division of the United States District Court for the Middle District of Florida is the judicial district embracing the place where the state court action is pending. *See* 28 U.S.C. §§ 1441(a) (stating that an action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending") and 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."). Therefore, this is the proper district court and division to which this case should be removed.

8. **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court because thirty days have not expired since Defendant received a copy of the Complaint on November 20, 2020, and waived service on December 3, 2020. *See Premier Med. Billing, Inc. v. Gotham Footcare, Inc.*, No. 8:18-CV-185-T-36AEP, 2018 WL 4078823, at *3 (M.D. Fla. Aug. 27, 2018) ("Despite the possible implication of the statutory language, a defendant's mere receipt of the complaint unattended by any formal service does not trigger the defendant's timeline to remove a case from state court. Rather, the 30-day clock is triggered only when the defendant has been formally served or has waived service.") (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)).

9. **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this Notice, Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State Court in this removed action. Copies of these removal documents are attached to this Notice of Removal at Tab A.

Further, pursuant to 28 U.S.C. § 1446(d), Defendant will file a true and accurate copy of this Notice of Removal with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. A copy of the Notice of Filing Notice of Removal, without attachments, is attached as Tab C.

By filing a Notice of Removal in this matter, Defendant does not waive its right to assert any and all defenses and/or objections in this case.

Dated this 21st day of December, 2020.     Respectfully submitted,

*/s/ Mark E. Zelek*
Mark E. Zelek
Florida Bar No. 667773
Email: mark.zelek@morganlewis.com
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, FL 33131-2339
Telephone: 305.415.3303
eFacsimile: 877.432.9652

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Mark E. Zelek
Mark E. Zelek
Fl. Bar No. 0667773

## SERVICE LIST

Chad E. Levy, Esq.
Florida Bar No. 0851701
Primary chad@levylevylaw.com
Secondary assistant@levylevylaw.com
David M. Cozad, Esq.
Florida Bar No. 333920
david@levylevylaw.com

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588 Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Counsel for Plaintiff

*Counsel for Plaintiff*